HARRY COHEN *v.* FINK PIANO COMPANY, INC.
[No. 9, January Term, 1931.]

*Decided February 19th, 1931.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Eldridge Hood Young,* with whom were *Young, Crothers & Settle* on the brief, for the appellant.

442

*Louis J. Sagner* and *David Ash,* submitting on brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

The appellee sued the appellant for the balance alleged to be due for a radio and certain cartage charges. The suit was brought on the common counts.

According to the testimony on both sides, the understanding was that radios were to be sent on approval. Joseph Fink, an officer of the plaintiff, with whom the defendant dealt, testified that, after a trial of the first radio sent out, which was a Radiola-62, defendant said, "It is the best one I have heard yet, but in order to satisfy me, I want you to send me another Radiola-62 out"; that in about two weeks the defendant returned and said, "That is not as good as the first one, but they tell me the Stromberg-Carlson is a wonderful set"; that, upon witness remarking that this would be the third set, defendant agreed to pay the cartage, whereupon the set was sent out; that later defendant returned, saying he would like to try another make of which he had heard, and that also was sent; that, after some days, defendant came back and asked, "Have you still got that first Radiola-62 you sent out," witness replied in the affirmative, and defendant said, "You send that out, and if it is O. K. I will send you a check by Monday"; that witness made a special price with defendant of $315 plus cartage amounting to $12, and delivered the set; that in about ten days defendant came back and said, "Mr. Fink, that set is fine, it works beautifully, but I want to just try a couple more days"; that witness sent a service man to go over the radio with defendant so that he might be satisfied, and after that defendant came in and promised to send a check by the following Monday. This was not done, but later defendant gave an employee of plaintiff, who was sent to collect, a check for $155; that the first four sets were sent on approval, but, when the first set was finally sent out, it was not on approval, but was delivered after defendant decided to take it.

The defendant's version was different, but the jury found a verdict for the plaintiff. This appeal is from the judgment on that verdict.

There were four exceptions reserved to rulings on evidence, and one to the rulings on the prayers. We find no prejudicial errors in the rulings on evidence. Nothing was adduced by the questions objected to which could reasonably be supposed to have affected the verdict.

Plaintiff's granted prayer instructed the jury that, if the defendant had ample opportunity to examine the various radios sent to him on approval and finally accepted the last one and paid unconditionally $155 on account, then the verdict must be for the plaintiff.

We find no error. If the prayer required the jury to find more than was necessary, that would be merely surplusage in no way prejudicing the defendant. We find nothing in it that tended to confuse. The case of *Philipsborn v. Fineman,* 148 Md. 188, 129 A. 31, cited by appellant, has no bearing on the facts of this case. There is no question of recoupment here.

The proposition of law in the prayer is correct, as applied to plaintiff's testimony; and no defense set up by the defendant was excluded from the consideration of the jury. The objection raised by appellant that it submitted to the jury a question of law, even if valid, cannot be considered here, as there was no special exception on that ground. Code, art. 5, sec. 10.

Defendant's theory was clearly presented in his three granted prayers. His fourth prayer was properly rejected. It excluded from the consideration of the jury the hypothesis of acceptance by defendant, of which there was competent testimony.

Finding no reversible error in the rulings, the judgment must be affirmed.

*Judgment affirmed, with costs to appellee.*